**Darryl YANCEY, et al., Plaintiffs,**

v.

**NEW BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS, et al., Defendants.**

**Civil Action No. JFM–98–735.**

United States District Court,
D. Maryland.

Oct. 21, 1998.

---

Matthew B. Bogin, Bogin & Eig, Washington, D.C., J. Dirk Schwenk, Ward, Kershaw & Minton, Baltimore, MD, for plaintiffs.

Marcia L. Conlin, Department of Education, Baltimore, MD, for defendants.

## MEMORANDUM

MOTZ, Chief Judge.

Plaintiffs, Darryl Yancey and his mother, Alda Yancey–Yarborough, have brought this action against defendants New Baltimore City Board of School Commissioners and Dr. Robert E. Schiller, the Interim Chief Executive Officer of the Commissioners. Plaintiffs claim that defendants violated the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.; the Americans With Disabilities Act; 42 U.S.C. § 1983; and a consent decree in *Vaughn G. v. Amprey*, 117 F.3d 1415, (4th Cir.1997) by failing to follow legally mandated procedure, failing to provide Darryl with a free appropriate public education ("FAPE"), and failing to provide an appropriate hearing officer to adjudicate plaintiffs' claims during a state due process hearing. Plaintiffs seek reimbursement of the tuition costs they incurred in enrolling Darryl in a private school for the 1997–98 school year, along with other declaratory relief. Defendants have filed a motion

for summary judgment. Their motion will be granted.[1]

## I.

Darryl Yancey is a disabled child. He suffers from a specific learning disability in addition to Cerebral Palsy and has been receiving special education from the time he began schooling to the present day. Darryl was enrolled in the sixth grade at the Hazelwood Elementary/Middle School # 210 during the 1996–97 academic year. Darryl's initial IEP for the sixth grade placed him in a regular classroom setting and provided for five hours of special education services per week.

In December, 1996, Darryl's special education teacher showed Darryl's mother the results of an educational assessment indicating that Darryl was behind grade level in math, reading, spelling, and language. Subsequently, pursuant to his mother's request, Darryl was reassigned to an Intensity IV class in January, 1997. That same month, Darryl's mother decided to seek private placement for Darryl. After that time, she made no further efforts to work with the school system and canceled ARD meetings scheduled for March 25, 1997, and May 27, 1997. On May 23, 1997, through counsel, Darryl's mother requested that further ARD meetings be postponed "until issues concerning Darryl's past and current placement are resolved." Darryl's mother enrolled him in, and Darryl attended, a private Intensity V school for the 1997–98 school year.

Darryl's mother filed a request for a due process hearing on July 15, 1997, and a hearing was held on August 27, 1997 before Administrative Law Judge Jana Corn Burch. Judge Burch issued her opinion on September 12, 1997, finding that defendants had violated several procedural requirements of the IDEA, but that the violations were merely technical in nature. Judge Burch further found that defendants provided Darryl with a free appropriate public education.

1. This opinion focuses on plaintiffs' IDEA claims. Because plaintiffs' ADA claims are identical to the IDEA claims, and because the IDEA claims are deficient, the ADA claims are also deficient. *See Doe v. Alabama State Dept. of Educ.*, 915 F.2d 651, 666 (11th Cir.1990). Plaintiffs' § 1983

## II.

The IDEA empowers district courts reviewing state administrative decisions to grant "such relief as the court determines is appropriate" to successful plaintiffs. 20 U.S.C. § 1415(e)(2). However, neither compensatory nor punitive damages are available. *See Sellers*, 141 F.3d at 526–28. Because plaintiffs have not advanced, and I cannot discern, any relief that would be appropriate in this case if plaintiffs were successful on the merits, summary judgment will be entered in defendants' favor.

Plaintiffs principally seek reimbursement for private school tuition for the 1997–98 academic year. The challenge they presented at the state due process hearing and to this Court, however, is to Darryl's 1996–97 academic year. Regardless of whether defendants failed to provide Darryl with a FAPE during the sixth grade, he is not entitled to attend private school at public expense the following year without showing that the public school could not, or would not, provide a FAPE during the seventh grade. Private school tuition reimbursement is an appropriate remedy under the IDEA where a parent and school cannot come to agreeable terms on a child's IEP and the parent removes the child from the public school while waging a successful challenge to the school's proposal. *See School Comm. of Burlington v. Department of Educ.*, 471 U.S. 359, 369, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). Here, however, Darryl's mother decided to place Darryl in private school in January, 1997, and thereafter refused to participate in the process whereby his 1997–98 school year IEP was to be developed.

Because plaintiffs have failed to challenge the public school's plan for the academic year in which they seek reimbursement, tuition reimbursement for that year would be inappropriate. To hold that private school tuition

claim fails as a matter of law because an IDEA violation cannot form the basis of a § 1983 claim. *See Sellers v. School Bd. of City of Manassas*, 141 F.3d 524, 529 (4th Cir.), *cert. denied*, —— U.S. ——, 119 S.Ct. 168, —— L.Ed.2d ——, 1998 WL 407125 (U.S. Oct. 5, 1998).

is reimbursable based on prior years' violations of the IDEA would permit a parent to enroll his or her child in private school indefinitely at taxpayer expense, even if the public school could provide the child with a free appropriate public education simply by modifying the IEP and its implementation.

Even if a violation of the IDEA in 1996–97 could somehow justify tuition reimbursement for the 1997–98 school year, plaintiffs have no reimbursable expenditures. The private school that Darryl attended in the 1997–98 academic year waived his tuition. Reimbursing private school expenses that were never incurred would not be "appropriate relief" under the IDEA.

### III.

Count II of plaintiffs' complaint alleges that defendants failed "to provide a hearing officer who was knowledgeable in the fields and areas of significance to the educational review of this case." Summary judgment will be entered on behalf of defendants on this claim for the reasons I stated in *Carnwarth v. Anne Arundel Co. Bd. of Educ.*, JFM–97–4100 (D.Md. Aug. 26, 1998) (Motz, J.).

### IV.

■ In count III of their complaint, plaintiffs argue that defendants violated a consent decree entered in *Vaughn G. v. Amprey*, in which defendants agreed to "comply with the Federal and State special education laws." Assuming plaintiffs' standing to invoke the consent decree, no appropriate remedy exists thereunder. Therefore, summary judgment for defendants will be entered on this claim.

For these reasons, defendants' motion for summary judgment is granted. A separate order to that effect is being entered herewith.

### ORDER

For the reasons stated in the memorandum entered herewith, it is on this 21st day of October, 1998,

ORDERED that

1. Defendants' motion for summary judgment is granted; and

2. Judgment is entered in favor of defendants against plaintiffs.